JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re FANTASEA ENTERPRISES, INC., | Nos.   SACV 16-1931 PA |
|---|---|
| Debtor, | SACV 16-1932 PA |
| | OPINION ON APPEAL FROM BANKRUPTCY COURT |
| FANTASEA ENTERPRISES, INC. dba PACIFIC AVALON YACHT CHARTERS; and JOHN GUEOLA, an individual, | Bankruptcy Case No. 8:14-bk-17376-TA<br>Adversary Case No. 8-16-ap-01143-TA |
| Plaintiffs and Appellees, | |
| v. | |
| COVERLAW, PC, a Wyoming Corporation; JAMES COVER, an individual; and DOES 1 through 25 inclusive, | |
| Defendants and Appellants. | |

Before the Court are two appeals filed by Coverlaw, PC and James Cover (collectively "Cover") challenging decisions by the United States Bankruptcy Court for the Central District of California.

I. **Factual and Procedural Background**

According to the parties, Cover was employed by Fantasea Enterprises, Inc., doing business as Pacific Avalon Charters ("Fantasea"), as its bankruptcy counsel when Fantasea filed a Chapter 11 bankruptcy petition on December 23, 2014. Following the filing of the

petition, Fantasea had 120 days, through April 22, 2015, to protect a dock lease for Fantasea's boat chartering business.  Fantasea and its president, John Gueola, contend that Cover failed to protect the dock lease despite knowing of its importance to Fantasea. Fantasea replaced Cover as its bankruptcy counsel on July 31, 2015.

After being replaced as bankruptcy counsel, Cover filed, on January 13, 2016, an Application for Compensation and Reimbursement of Costs in the Bankruptcy Court seeking compensation for $81,525.74 in fees for services performed from December 2014 through July 2015 on behalf of Fantasea.  Fantasea filed an Opposition to Cover's fee application, in which it contended, among other arguments, that Cover acted imprudently in failing to assume the dock lease and billed an unreasonably excessive amount of time.  The Bankruptcy Court eventually granted Cover's Application and awarded $60,000 in fees in a February 8, 2016 order.

Fantasea and Gueola commenced a legal malpractice again against Cover in Orange County Superior Court on April 18, 2016.  Cover, alleging that the malpractice action "arises under Title 11," filed a Notice of Removal with the Bankruptcy Court removing the malpractice action based on 28 U.S.C. §§ 1334 and 1452.  The removed malpractice action became adversary proceeding number 8:16-ap-01143-TA.

Following removal, Cover filed a Motion to Dismiss the malpractice action.  Relying on In re Iannochino, 242 F.3d 36 (1st Cir. 2001), Cover argued in the Motion to Dismiss that principles of res judicata and judicial estoppel bar the malpractice action because the Bankruptcy Court's order granting Cover's fee application impliedly determined that Cover's fees were reasonably and necessarily incurred in the bankruptcy proceeding and Fantasea did not timely disclose the malpractice claim as an asset of the bankruptcy estate. After briefing by the parties and a hearing, the Bankruptcy Court eventually denied Cover's Motion to Dismiss on October 4, 2016.  (Excerpts of Record ("ER") Tab 30:1430-43.) Cover's appeal in Case No. SACV 16-1931 PA seeks leave to challenge that interlocutory ruling.

1    While Cover's Motion to Dismiss was pending, Fantasea and Gueola filed a Motion

2    for Permissive Abstention and Remand.  The parties briefed that Motion and the Bankruptcy

3    Court conducted a hearing.  The Bankruptcy Court issued an order granting the Motion for

4    Permissive Abstention and Remand and remanded the action to Orange County Superior

5    Court on October 7, 2016.  (ER Tab 32:1464-74.)  Cover's appeal in Case No. SACV 16-

6    1932 PA, seeks appellate review of the Bankruptcy Court's order granting the Motion for

7    Permissive Abstention and Remand.

8    **II.    <u>Standard of Review</u>**

9    As Cover's Motion to Certify Orders for Interlocutory Appeal in Case No. SACV 16-

10   1931 PA indicates, that appeal seeks review of the Bankruptcy Court's interlocutory order

11   denying the Motion to Dismiss.  Under 28 U.S.C. § 158(a)(3), district courts have discretion

12   to review a bankruptcy court's interlocutory orders.  <u>Oliner v. Kontrabecki</u>, 305 B.R. 510,

13   527 (N.D. Cal. 2004).  Granting leave to consider an interlocutory appeal "is appropriate if

14   the order involves a controlling question of law where there is substantial ground for

15   difference of opinion and when the appeal is in the interest of judicial economy because an

16   immediate appeal may materially advance the ultimate termination of the litigation."  <u>In re</u>

17   <u>Kashani</u>, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995) (citing 28 U.S.C. § 1292(b)).  "Although

18   district courts have discretion to hear interlocutory appeals from bankruptcy courts, § 158(d)

19   does not grant courts of appeal similar discretion to review interlocutory decisions.  'The

20   courts of appeals do not have jurisdiction to hear interlocutory appeals in bankruptcy

21   cases.'"  <u>In re Rains</u>, 428 F.3d 893, 900-01 (9th Cir. 2005) (quoting <u>Silver Sage Partners,</u>

22   <u>Ltd. v. City of Desert Hot Springs</u>, 339 F.3d 782, 787 (9th Cir. 2003).  "'Under 28 U.S.C. §

23   158(d), [a court of appeal's] appellate jurisdiction exists when the bankruptcy court order

24   and the decision of the district court acting in its bankruptcy appellate capacity are both final

25   orders.'"  <u>Id.</u> at 901 (quoting <u>In re Bonham</u>, 229 F.3d 750, 761 (9th Cir. 2000); <u>see also</u> <u>In re</u>

26   <u>Four Seas Center, Ltd.</u>, 754 F.2d 1416, 1418 (9th Cir. 1985); <u>Matter of King City Transit</u>

27   <u>Mix, Inc.</u>, 738 F.2d 1065, 1067 (9th Cir. 1984).

28

-3-

1    "The statutory standard for remand under 28 U.S.C. § 1452(b) is 'any equitable

2    ground.'" In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999) (quoting 28 U.S.C. §

3    1452(b)).  A bankruptcy court's "decision to remand under that provision can be reviewed

4    by a district court or a bankruptcy appellate panel, and not by a court of appeals or by the

5    Supreme Court." Id. (citing 28 U.S.C. § 1452(b) and Things Remembered, Inc. v. Petrarca,

6    516 U.S. 124, 116 S. Ct. 494 (1995)).  The "'any equitable ground' remand standard is an

7    unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for

8    remand under nonbankruptcy removal statutes." Id.  "At bottom, the question is committed

9    to the sound discretion of the bankruptcy judge.  It follows that the standard of review is

10   abuse of discretion." Id.  Discretionary rulings should not be disturbed without a definite

11   and firm conviction that the bankruptcy court committed a clear error of judgment. See In re

12   Lowenschuss, 67 F.3d 1394, 1399 (9th Cir. 1995).

13   **III.   Discussion**

14       In exercising their discretion to remand actions under section 1452(b)'s "any

15   equitable ground" standard, courts have borrowed the standards for permissive or

16   discretionary abstention under 28 U.S.C. § 1334(c)(1).  See Fed. Home Loan Bank v. Banc

17   of America Securities LLC, 448 B.R. 517, 525 (C.D. Cal. 2011).  The factors a court should

18   consider when deciding if permissive abstention and remand are appropriate are:

19              (1) the effect or lack thereof on the efficient administration of

20              the estate if the Court recommends [remand or] abstention; (2)

21              extent to which state law issues predominate over bankruptcy

22              issues; (3) difficult or unsettled nature of applicable law; (4)

23              presence of related proceeding commenced in state court or

24              other nonbankruptcy proceeding; (5) jurisdictional basis, if any,

25              other than § 1334; (6) degree of relatedness or remoteness of

26              proceeding to main bankruptcy case; (7) the substance rather

27              than the form of an asserted core proceeding; (8) the feasibility

28              of severing state law claims from core bankruptcy matters to

1    allow judgments to be entered in state court with enforcement

2    left to the bankruptcy court; (9) the burden on the bankruptcy

3    court's docket; (10) the likelihood that the commencement of the

4    proceeding in bankruptcy court involves forum shopping by one

5    of the parties; (11) the existence of a right to a jury trial; (12) the

6    presence in the proceeding of nondebtor parties; (13) comity;

7    and (14) the possibility of prejudice to other parties in the action.

8 In re Cedar Funding, Inc., 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009); see also In re

9 Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990).

10      In granting the Motion for Permissive Abstention and Remand filed by Fantasea and

11 Gueola, the Bankruptcy Court cited to and analyzed each of these fourteen factors. (See ER

12 Tab 32:1467-73.) The Bankruptcy Court did not commit a clear error of judgment when it

13 concluded that the equities favored abstention and remand. See In re Lowenschuss, 67 F.3d

14 at 1399; see also Ross v. Yaspan, No. CV 12-7048 DDP (FFMx), 2013 WL 3448725, at *4

15 (C.D. Cal. July 9, 2013) ("Here, the court finds it appropriate to abstain . . . . [E]ven if the

16 malpractice claim is considered to arise in the bankruptcy action, legal malpractice claims

17 are state law causes of action, and state courts are familiar with adjudicating such actions.");

18 Fed. Home Loan Bank, 448 B.R. at 525 ("Because section 1452(b) affords 'an unusually

19 broad grant of authority,' any one of the relevant factors may provide a sufficient basis for

20 equitable remand.") (quoting In re Roman Catholic Bishop of San Diego, 374 B.R. 756, 761

21 (Bankr. S.D. Cal. 2007)). This Court therefore affirms the Bankruptcy Court's order

22 granting the Motion for Permissive Abstention and Remand.

23      In light of this Court's affirmance of the Bankruptcy Court's order remanding the

24 malpractice action to the Orange County Superior Court, and the fact that the action is now

25 pending in that court, this Court need not consider Cover's Motion to Certify Orders for

26 Interlocutory Appeal. As a result, the Court denies that Motion, and the appeal in Case No.

27 SACV 16-1931 PA, as moot. Moreover, even if the Court were to reach the merits of the

28 Motion to Certify Orders for Interlocutory Appeal, the Court would, in the exercise of its

1  discretion, deny the Motion.  Specifically, the appellate record reveals that the parties

2  submitted voluminous requests for judicial notice, supplemental declarations, and facts

3  outside the pleadings in support of and in opposition to Cover's Motion to Dismiss.  (See ER

4  Tabs 8, 9, 12, 17, 19, 20, 21, 22, & 23.)  As the briefing and argument submitted to the

5  Bankruptcy Court establishes, the issues raised by Cover's Motion to Dismiss required

6  analysis of a substantial factual record that was inappropriate for resolution through a

7  Motion to Dismiss.  This Court therefore concludes that were it to reach the issue, the Court

8  would find that allowing interlocutory review of the denial of Cover's Motion to Dismiss

9  would not materially advance the ultimate termination of the litigation, further the interests

10  of judicial economy, or resolve a controlling question of law.  In re Kashani, 190 B.R. at

11  882.  Indeed, the Court finds it instructive that In re Iannochino, 242 F.3d 36, the case upon

12  which Cover principally relies, was resolved on a summary judgment motion rather than a

13  12(b)(6) motion.

14  **IV.    <u>Conclusion</u>**

15       For all of the foregoing reasons, the Court affirms the Bankruptcy Court's order

16  remanding the malpractice action to the Orange County Superior Court.  The Court denies

17  the Motion to Certify Order for Interlocutory Appeal as moot.

18       IT IS SO ORDERED.

19  DATED:  February 17, 2016

20  _____

21                          Percy Anderson
                            UNITED STATES DISTRICT JUDGE